IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| DEBBIE DEFRESSINE : | |
| 936 YACHT CLUB DRIVE : | |
| BERLIN, MARYLAND 21811 : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | |
| CVS PHARMACY, INC : | |
| ONE CVS DRIVE : | |
| WOONSOCKET, RHODE ISLAND 02895 : | |
| : | |
| Serve: The Corporation Trust, Incorporated : | |
| 2405 York Road : | |
| Suite 201 | |
| Lutherville, MD 21093-2264 : | |
| : | |
| Defendant. : | |

## COMPLAINT

COMES NOW, Plaintiff, Debbie DeFressine, by and through her undersigned counsel, hereby sues CVS Health Corporation for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.§ 621, et. seq., and the Delaware Code Ann. tit. 19, § 710. et seq, and hereby states as follows:

## PARTIES

1. Plaintiff, Debbie DeFressine, is an adult resident of the State of Maryland.

2. Defendant, CVS Health Corporation, (CVS) is a healthcare company incorporated in the State of Delaware with over 9,900 retail locations and 300,000 employees nationwide.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e. 29 U.S.C. § 621 et seq.

4. At all times relevant to this case, Defendant has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 29 U.S.C. § 630(b).

5. Venue is proper in this Court since the Defendant conducts business in the State of Maryland.

## FACTS OF THE CASE

6. Plaintiff, Debbie DeFressine, was employed by Defendant, CVS, from 1985 through and until August 22, 2019.

7. From October 2016 to August 22, 2019, Plaintiff was the Store Manager at the Bethany Beach, Delaware CVS retail store located at 39820 Hickman Plaza Drive Bethany Beach, DE 19930.

8. In addition to working at the Defendant's Bethany Beach store, Plaintiff also worked at several other of Defendant's retail stores, including those in Ocean View, MD, Selbyville, DE, West Ocean City, MD, Easton, MD, and Kent Island, MD.

9. On or about August 22, 2019, Plaintiff's District Manager was Ayla Dugan, who is in her thirties.

10. On or about August 22, 2019, CVS District Manager Ayla Dugan notified Plaintiff that she was being terminated for improperly tracking her work hours.

11. Defendant's allegation that Plaintiff was terminated due to improperly tracking her work hours is provably false. Plaintiff can substantiate all of the time that she entered into Defendant's timekeeping system.

12. At the time she was terminated, Plaintiff was 64 years of age.

13. Defendant replaced Plaintiff with Jonathan and then with Tim Atkinson, who is substantially younger than Plaintiff.

14. On or about October 11, 2019, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission and the Delaware Division of Industrial Affairs, Charge No. 530-2020-00470, alleging discrimination based on age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.§ 621, et. seq., and the Delaware Code Ann. Title 19, § 710. et seq.

15. On or about August 21, 2020, the EEOC issued a Right to Sue Letter giving Plaintiff 90 days to file suit in this matter.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, ET SEQ.

16. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

17. This action is brought pursuant to the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq., for employment discrimination on the basis of age.

18. The Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq. forbids an employer "(1) ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

19. The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that it affected the terms, conditions and privileges of her employment.

20. Other similarly situated employees not of Plaintiff's age group were not subject to the same conditions of employment as Plaintiff.

21. A causal connection exists between Defendant's action in terminating Plaintiff and Plaintiff's age.

22. Defendant's allegation that Plaintiff was terminated due to her improperly tracking her work hours is provably false and pretext for its unlawful termination of Plaintiff based on her age.

23. Defendant committed unlawful age discrimination, in violation the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq., when it terminated Plaintiff, who was well over the age of 40, and replaced her with employees substantially younger than her.

24. Defendant's conduct was malicious, willful, and intentional.

25. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful action.

## COUNT II
## VIOLATION OF DELAWARE CODE ANN. TIT. 19, § 710 ET SEQ.

26. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

27. Pursuant to the Delaware Code Ann. tit. 19, § 710 et seq., "It shall be an unlawful employment practice for an employer to (1) Fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's… age."

28.     The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that it affected the terms, conditions and privileges of her employment.

29.     Other similarly situated employees not of Plaintiff's age group were not subject to the same conditions of employment as Plaintiff.

30.     A causal connection exists between Defendant's action in terminating Plaintiff and Plaintiff's age.

31.     Defendant's allegation that Plaintiff was terminated due to her improperly tracking her work hours is provably false and pretext for its unlawful termination of Plaintiff based on her age.

32.     Defendant committed unlawful age discrimination, in violation of the Delaware Code Ann. tit. 19, § 710 et seq. when it terminated Plaintiff, who was well over the age of 40, and replaced her with employees substantially younger than her.

33.     Defendant's conduct was malicious, willful, and intentional.

34.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful action.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

A.      Enter judgment in favor of Plaintiff and against Defendant on Counts I and II of the Complaint.

B.      Award Plaintiff compensatory damages in the amount of $1,000,000.00 or such other amount as established at the trial of this matter and punitive damages in the amount of $1,000,000.00 or such other amount as this Court deems necessary based upon the facts and circumstances of this case.

    C.    Award Plaintiff all of her attorneys' fees and costs associated with this matter.

    D.    Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## JURY TRIAL

Plaintiff requests that all matters in this case be tried by a jury.

Dated: October 9, 2020              Respectfully Submitted,

/s/Neil S. Hyman
Neil S. Hyman, Esquire
Bar No. 15158
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com
*Counsel for Plaintiff*